UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 26, 2021

LETTER TO COUNSEL

RE: *James A. v. Kijakazi, Commissioner, Social Security Administration*
Civil No. 1:20-cv-01992-JMC

Dear Counsel:

On July 7, 2020, Plaintiff James A. petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment. (ECF Nos. 15, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's Motion and grant Defendant's Motion, thereby closing this case. This letter explains my rationale.

Plaintiff filed his claim for SSI on February 16, 2017, with an alleged onset date of September 2, 2015. (Tr. 13). Plaintiff's application was denied initially on October 2, 2017, and again on reconsideration on January 29, 2018. (Tr. 257-261). A hearing was held on February 1, 2019, before Administrative Law Judge (ALJ) Robert Baker Jr. (Tr. 160-198). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-24). The Appeals Council declined review and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA. (Tr. 1-6).

In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform h[is] past work given the limitations caused by h[is] medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect h[is] ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other

1

work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In the instant case, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since February 16, 2017, the application date." (Tr. 15). The ALJ further found that during the relevant time frame, Plaintiff suffered from the severe impairments of status post fractured cervical spine, status post cervical surgery, cervical stenosis, and radiculopathy involving the right upper extremity. (Tr. 16). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 C.F.R. 416.967(b) except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours in an eight-hour workday, stand for six hours in an eight-hour workday, and walk for six hours in an eight-hour workday. The claimant can push/pull as much as he can lift/carry. The claimant can operate foot controls with the right foot occasionally. The claimant is limited to occasionally reaching overhead to the right. For all other reaching, the claimant can reach occasionally to the right. The claimant can stoop and crouch frequently.

(Tr. 518).

The ALJ determined that Plaintiff had no past relevant work. (Tr. 22). However, after considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform other jobs existing in significant numbers in the national economy. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. (Tr. 23).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because (1) the ALJ applied an improper standard in "evaluating the Plaintiff's subjective complaints," and (2) the ALJ "failed to adequately explain how he arrived at the limitations assessed in the residual functional capacity assessment." (ECF No. 15, Ex. 1 at 3, 14). For the reasons discussed below, I find that the ALJ's decision was supported by substantial evidence and the ALJ applied the appropriate legal standards. Therefore, I will deny Plaintiff's Motion for Summary Judgment (ECF No. 15), grant Defendant's Motion for Summary Judgment (ECF No. 20), and close this case.

## ANALYSIS

### I. The ALJ Properly Assessed Plaintiff's Subjective Statements

Plaintiff chiefly argues that the ALJ did not properly consider Plaintiff's subjective complaints, thereby rendering the ALJ's analysis as inconsistent with the Fourth Circuit's holdings in *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006) and *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020). (ECF No. 15, Ex. 1 at 3, 5). In support, Plaintiff contends that the ALJ "specifically rejected [his] testimony regarding his subjective complaints on the basis that his complaints were not supported by objective medical evidence." *Id.* at 7. In retort, Defendant relies on the statutory language in the Social Security regulations, highlighting that "an ALJ properly considers objective evidence as one factor when evaluating a claimant's subjective complaints." (ECF No. 20, Ex. 1 at 6). Defendant argues that the ALJ "considered the limited, conservative treatment Plaintiff received and his activities of daily living" in addition to the objective medical evidence. *Id.* Nonetheless, Defendant finds Plaintiff's reliance on *Hines* and *Arakas* misplaced as both cases concerned medical conditions "in which the symptoms were entirely subjective." *Id.* at 7-8.

An ALJ must evaluate a claimant's subjective complaints under the two-step framework set out in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029. *Arakas*, 983 F.3d at 95. "First, the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." *Id.* (quoting 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3). Second, "the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4). To assess the intensity, persistence, and limiting effects of the symptoms, the ALJ considers "all of the evidence presented, including information about [] prior work record, [] statements about [] symptoms, evidence submitted by [] medical sources, and observations." 20 C.F.R. § 404.1529. Factors relevant to this evidence include: the claimant's daily activities, the dosage and effectiveness of medications, and treatment to relieve symptoms, among others. *Id.* The appropriateness of objective evidence in assessing subjective statements rests on the type of medical condition at issue. "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas*, 983 F.3d at 97. Conversely, in those cases where objective evidence is present, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. § 404.1529(2). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.*

Consequently, to determine the appropriateness of objective evidence in assessing Plaintiff's subjective statements, the Court must note the medical condition at hand. If the medical condition is "fibromyalgia or some other disease that does not produce" evidence of symptoms, objective medical evidence may not be used to assess the credibility of the claimant's subjective statements. *Arakas*, 983 F.3d at 97. Alternatively, if the medical condition is unlike such diseases, objective medical evidence is appropriately considered in combination with other evidence on record. Here, Plaintiff has not alleged that his medical condition is akin to diseases like

3

fibromyalgia. Therefore, the sole issue is whether the ALJ considered objective evidence *alongside* other evidence on record. *See Carollyn S. v. Kijakazi*, No. CV ADC-20-2552, 2021 WL 4170431, at *8 (D. Md. Sept. 14, 2021) (finding objective evidence appropriately considered where Plaintiff did not allege medical condition to be one like fibromyalgia that does not produce objective evidence of pain). The ALJ noted that "the records" do not support the severity Plaintiff alleged. (Tr. 19). The ALJ considered treatment records, the Plaintiff's reports to medical personnel, medication treatment, motor functioning physical examinations, Plaintiff-reported physical updates, physical therapy reports, Plaintiff's daily activities, medical opinions, notations in the record, and various doctor and hospital visits. *Id.* at 19-21. Therefore, although the ALJ considered objective evidence in assessing Plaintiff's subjective statements, the ALJ also considered a multitude of additional evidence on record; the ALJ did not rely solely on the lack of objective medical evidence to discredit Plaintiff's subjective statements. Consequently, Plaintiff's first argument is without merit.

## II. The ALJ Adequately Explained Limitations in the RFC

Plaintiff next argues that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." (ECF No. 15, Ex. 1 at 13). Plaintiff relies on lengthy block quotes to detail requirements for a proper RFC, particularly noting that the ALJ "failed to adequately explain how he arrived at the limitations assessed in the residual functional capacity assessment." *Id.* at 14. Defendant asserts that "the ALJ provided a four-page discussion of all of the evidence considered in formulating the RFC, including consideration of medical evidence and opinions, claimant's testimony and reports, and claimant's credibility." (ECF No. 20, Ex. 1 at 11). Defendant additionally reduces Plaintiff's argument to "boilerplate" language that this Court has previously rejected. *Id.*

Social Security regulations require an ALJ to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio*, 780 F.3d at 636. To satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination. *White v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG–16–2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation and quotations omitted). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, CV SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), *as amended* (Dec. 13, 2000).

The ALJ sufficiently provided a narrative discussion that built "an accurate and logical bridge from the evidence to his conclusion." *White*, 2017 WL 1373236, at *1. As previously analyzed, the ALJ's four-page RFC considered significant evidence of record, detailing the weight given to each opinion and linking Plaintiff's subjective complaints to corresponding limitations. For example, the ALJ highlighted that he gave little weight to a state medical consultant's assessment that Plaintiff could work at the medium exertional level. (Tr. 21). Instead, the ALJ said the evidence supports a reduction to the light exertional level based on Plaintiff's complaints of pain, treatment records, and physical examinations following a motor vehicle accident. *Id.* Examples as such are abundant within the ALJ's opinion: the ALJ provided analysis explaining

that psychiatric evaluations and examinations do not amount to severe limitations (Tr. 21); the ALJ consulted pain management records, notations about returning to work, emergency room treatment, and a neurological examination to support a reduction to light exertional level (Tr. 21); the ALJ compared the evidence of American Spinal Injury Association scores with information from Plaintiff's treating physician, treatment records, and prior ALJ decisions to find work at a light level as appropriate (Tr. 22). The ALJ's robust narrative discussion of the function-by-function analysis clearly builds a logical bridge from the evidence to the conclusion. Therefore, Plaintiff's second argument fails and remand on this basis is unwarranted.

Accordingly, there is substantial evidence to support the ALJ's findings and the findings were reached through application of the correct legal standards.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is kindly directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge